

IT IS SO ORDERED.
Signed March 12, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-50662-ASW |
| AMR MOHSEN, | Chapter 7 |
| Debtor. | |
| CAROL WU, | Adv. Pro. No. 13-05150-ASW |
| Plaintiff, | |
| v. | Hearing Date: Mar. 3, 2014<br>Hearing Time: 9:30 a.m. |
| AMR MOHSEN, and WELLS FARGO SHAREHOLDER SERVICES, | |
| Defendants. | |

**MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION
TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Before the Court are three motions: Defendant-Debtor Amr Mohsen's ("Debtor") motion to dismiss complaint, Plaintiff's ("Trustee") counter-motion for summary judgment, and Debtor's cross-motion for summary judgment. Debtor appears in pro per. The Trustee is represented by attorney Dennis Davis. The Court held a hearing on March 3, 2014 and heard the arguments of the parties. For the reasons set forth below, the Court grants the Trustee's

counter-motion for summary judgment, and denies Debtor's motion to dismiss and cross-motion for summary judgment.

**A. Motion to Dismiss**

The Trustee filed this adversary proceeding on October 25, 2013. The complaint seeks declaratory relief and turnover of 25,000 shares of stock in Actel Corporation. The complaint alleges the following:

The Star Trust (the "Trust") was formed by Debtor on February 8, 1982. The Trust was a revocable trust and Debtor was the sole beneficiary. After Debtor filed bankruptcy, the trustee, on September 26, 2006, filed an adversary proceeding (no. 06-05183) against Ehab Mohsen (Debtor's son), as trustee of the Trust, seeking declaratory relief that property of the Trust belonged to the bankruptcy estate.

On November 9, 2006, the Trust filed an answer to the complaint in case no. 06-05183 admitting that "the property that was in The Star Trust on the date The Star Trust was revoked, became property of the debtor and his bankruptcy estate." The Trust also admitted that on or about July 28, 1989, Amr Mohsen executed a First Amendment To Declaration Of Trust, pursuant to which Amr Mohsen is identified as the Settlor and the Trustee of The Star Trust pursuant to which he contributed real estate, including his residence and apartment in Cairo, Egypt as well as certain stock in Intel to the Star Trust.

The Trust also admitted that on or about September 9, 2004, Amr Mohsen, as settlor, and Ehab Mohsen, as trustee, executed a Certification of Trust of The Star Trust, pursuant to which the

Trust was confirmed as a revocable trust subject to revocation only by Amr Mohsen; and that on or about March 3, 2005 (post-petition), Amr Mohsen, as settlor, and Ehab Mohsen, as successor trustee, executed a Notice Of Revocation Of The Restated Star Trust pursuant to which Amr Mohsen revoked The Star Trust.

On December 11, 2006, the Trust filed a case management conference statement in the adversary proceeding in which the Trust asserted that any property held in the Trust as the date of revocation is property of the Amr Mohsen estate. In reliance upon those admissions, the Trustee stipulated to dismissal of the adversary proceeding against the Trust.

On July 10, 2013, Defendant Wells Fargo Shareholder Services ("WFSS") contacted the Trustee and advised her that Microsemi Corporation had purchased Actel Corporation ("Actel") and had retained WFSS to facilitation liquidation of the shares of Actel for $20.88 per share. WFSS advised the Trustee that Debtor was the holder of 25,000 Actel shares. The Trustee provided evidence to WFSS that the estate was the owner of the assets of the Trust, and WFSS advised the Trustee that it required the Trustee to obtain the original shares from Debtor with an endorsement by Debtor of the shares to the estate, along with a court order authorizing the sale of the shares to Microsemi Corporation.

Debtor moves to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6), arguing first, that the ownership of the Trust is in dispute, and that the post-petition revocation of the Trust was ineffective because, after the petition was filed, only the Trustee had authority to revoke the Trust. Second, Debtor argues that the Trustee's avoidance of fraudulent transfer claim is time-barred.

Under Fed. R. Civ. P. 12(b)(6) (applicable in bankruptcy via Fed. R. Bankr. P. 7012), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Using these standards, the Court denies Debtor's motion to dismiss. First, to the extent the ownership of the Trust and/or the Trust assets is in dispute, that issue is not appropriate for resolution in a motion to dismiss, which merely tests the sufficiency of the allegations of the complaint. See Twombly, 550 U.S. at 555-56. Here, the Trustee has alleged facts which, if taken as true, establish that the Trust assets are property of the estate. Specifically, the Trustee alleges that in 1982 the Debtor formed the Trust, that the Trust was revocable, and that Debtor was the sole beneficiary. The Trustee also alleges that Debtor filed a chapter 7 bankruptcy case on February 8, 2005. These allegations,

standing alone, are sufficient to support a claim that the Trust assets are property of the estate. "It is established law that a self-settled, revocable trust in which the debtor is also the beneficiary is property of a debtor's estate." <u>In re Marinkovic</u>, 2007 WL 4287833, at *5 (Bankr. D. Ariz. 2007) (citing <u>Feinman v. Lombardo</u>, 214 B.R. 260, 265 (D. Mass. 1997); <u>In re Dias</u>, 37 B.R. 584, 586 (Bankr. D. Idaho 1984); <u>In re Steffan</u>, 97 B.R. 741, 745 (Bankr. N.D.N.Y. 1989)). The post-petition revocation of the Trust and the admissions of Ehab Mohsen as trustee of the Trust are irrelevant. Even without those allegations, the complaint would state a claim for turnover.

Second, the Trustee did not plead a claim for avoidance of a fraudulent transfer, and there is no statute of limitations for a turnover claim.

**B. Cross Motions for Summary Judgment**

In response to Debtor's motion to dismiss, the Trustee filed a "countermotion" for summary judgment, along with a declaration of counsel authenticating relevant documents, including the 1982 Declaration of Trust, 2004 Certification of Trust, Notice of Revocation of the Trust, and pleadings filed in case number 06-5183 which include admissions by the Trust that the Trust assets are property of the estate.

The determinative issue on summary judgment is whether 25,000 shares of Actel stock that were held by The Star Trust – hereafter referred to as "the Trust" – are property of Debtor's bankruptcy estate.

5

**1. Facts**

The salient facts are not in dispute. Debtor does not dispute the facts set forth in the complaint, and those facts are not repeated here. Additional relevant facts are as follows:

The Trust includes a spendthrift provision stating that neither the principal nor the income of the Trust may be liable for the debts of any beneficiary. The Trust also gives sole discretion to the trustee of the Trust to use the Trust principal and assets as he pleases.

In July of 1989, Debtor executed a First Amendment to Declaration of Trust which continues to provide that Debtor is the sole beneficiary during his lifetime, and that "[t]he Trustee shall exercise in a liberal manner the power to invade principal . . . and the rights of the remaindermen in the trust shall be considered of secondary value." The First Amendment provides that upon the death of the settlor the remainder of the trust estate shall be distributed to Debtor's family.

On September 7, 2004, Debtor executed a Certification of Trust of the Star Trust. The Certification recites that Debtor resigned as trustee of the Trust and his son, Ehab Mohsen, replaced Debtor as trustee. The Certification also states that the trust remains revocable by Debtor only.

**2. Analysis**

**a. Standard on Summary Judgment**

Summary judgment shall be rendered by the Court if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56, incorporated in bankruptcy via Fed. R. Bank. P. Rule 7056; Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 584-85 (1985). All inferences must be drawn against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587.

**b. The Trust Assets Are Property of the Estate**

Upon commencement of a bankruptcy case, an estate is created that includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 USC § 541(a). Section 541(c) provides in relevant part:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law--
>
> (A) that restricts or conditions transfer of such interest by the debtor[.]
>
> . . .
>
> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Under California law:

> [i]f the settlor is a beneficiary of a trust created by the settlor and the settlor's interest is subject to a provision restraining the voluntary or involuntary transfer of the settlor's interest, the restraint is invalid against transferees or creditors of the settlor.

> The invalidity of the restraint on transfer does not affect the validity of the trust.

Cal. Prob. Code § 15304(a). The parties do not dispute that the Trust contains a spendthrift provision, or that Debtor is both settlor and beneficiary of the Trust. Accordingly, the spendthrift provision is unenforceable under California law.

At oral argument, Debtor argued that the spendthrift provision is enforceable because Debtor is not a beneficiary of the Trust corpus. However, Article II.A. of the Trust permits the trustee to invade principal for the benefit of the settlor (Debtor), and, as noted above, Article II.B. provides that Debtor is the sole beneficiary during his lifetime, and that "[t]he Trustee shall exercise in a liberal manner the power to invade principal . . . and the rights of the remaindermen in the trust shall be considered of secondary value." It is clear from these provisions that Debtor is entitled to distributions of the Trust corpus at the trustee's discretion. Further, the substitution of Ehab Mohsen as trustee of the Trust did not render valid the spendthrift provision. Under California law, a spendthrift provision is invalid where "the settlor is beneficiary of the trust created by the settlor . . . ." Cal. Prob. Code § 15304(a). That is the case here.

Debtor also argues that the provision is enforceable because Debtor has not exercised excessive control over the corpus or income of the Trust, citing In re Moses, 167 F.3d 470, 473 (9th Cir. 1999); In re Kincaid, 917 F.2d 1162, 1168 (9th Cir. 1990); In re Connor, 73 F.3d 258, 260 (9th Cir. 1995); and In re Rueter, 11 F.3d 850, 851 (9th Cir. 1993). However, none of these cases involves a self-settled trust. The cited cases pertain to deferred salary and retirement or pension plans. For a spendthrift trust to be valid,

the settlor of the spendthrift trust cannot be the beneficiary of that trust. See Moses, 167 F.3d at 473. "California law voids self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property." Id. (citing Nelson v. California Trust Co., 33 Cal. 2d 501 (1949)).

Because the spendthrift provisions of the Trust are unenforceable under California law, the trust assets became property of the estate upon the filing of Debtor's bankruptcy petition. The Court need not decide whether Debtor's post-petition revocation of the Trust was effective, nor whether Debtor is judicially or equitably estopped from arguing that the assets were not property of the estate, based upon the Trust's admissions in the 2006 adversary proceeding.

In Debtor's cross-motion for summary judgment, Debtor asserts for the first time that Debtor transferred the Actel shares to his children in 1993 but that the name changes and issuance of the new stock certificates were never consummated. Other than general assertions in a declaration, Debtor provided absolutely no evidence that he made the necessary assignments or delivered the shares. At oral argument, Debtor stated that he had a description of securities sent to him by Norwest Bank, and that more information about the transfers could probably be obtained by subpoena. Debtor asked the Court to permit him to conduct discovery.

Ordinarily, this assertion might raise an issue of material fact for trial, and the Court might permit further discovery. However, even if the Debtor can prove that he attempted to transfer the shares, the transfer would be void pursuant to Cal. Civ. Code

§ 3440 and the Trustee's strong-arm powers under § 544. Cal. Civ. Code § 3440 provides that a transfer of personal property is void if not accompanied by an immediate delivery followed by an actual and continuous change of possession:

> Except as otherwise provided in this chapter, every transfer of personal property made by a person having at the time the possession of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the property, is void as against the transferor's creditors (secured or unsecured) at the time of the transfer and those who become creditors while the transferor remains in possession and the successors in interest of those creditors, and as against buyers from the transferor for value in good faith subsequent to the transfer.

Cal. Civ. Code § 3440(a).

Furthermore, "[d]elivery must be immediate, actual, visible, apparent and not constructive; possession of the transferee must be continued, and so open and unequivocal as to carry with it the usual marks and indications of ownership." Southern California Collection Co. of Los Angeles v. Napkie, 106 Cal. App. 2d 565, 570 (1951) (citation omitted).

Cal. Civil Code § 3440.1 sets forth limited exceptions to § 3440, none of which are applicable here. Where the property transferred is subject to a statute that provides for registration of transfers of title or issuance of certificates of title, § 3440 does not apply if the transfer is "so far perfected that a bona fide purchaser cannot acquire an interest in the property superior to that of the transferee." Cal. Civ. Code § 3440.1(j). Transfers of stock are subject to a statute that provides for registration of transfers of title. Cal. Comm. Code § 83011 provides that where certificated securities are held through a securities account, delivery of the securities to the transferee occurs when the

securities intermediary obtains possession of a certificate (a) registered in the name of the purchaser (transferee), (b) made payable to the order of the purchaser (transferee), or (c) specially endorsed to the purchaser (transferee) and not endorsed to the securities intermediary or in blank.

The alleged transfers to the Debtor's children were never perfected because none of the Actel shares held by Wells Fargo Shareholder Services are registered in the Debtor's children's names, nor have the shares been specially endorsed to, or made payable to, them. Moreover, a bona fide purchaser for value could acquire an interest in the Actel shares superior to that of Debtor's children because unregistered transfers of stock are not valid against subsequent purchasers in good faith and for value or purchasers at an execution sale without notice of the transfers. National Bank of the Pacific v. Western Pac. Ry. Co., 157 Cal. 573, 576 (1910); Farmers' Nat'l Gold Bank v. Wilson, 58 Cal. 600, 604-05 (1881). Consequently, no exception to Cal. Civ. Code § 3440 applies.

Section 544(a) gives the Trustee, as of the commencement of the case, and without regard to any knowledge of the Trustee or of any creditor, the state law rights and powers of a hypothetical judicial lien creditor, unsatisfied execution creditor, and bona fide purchaser of real property. Because the alleged stock transfers were not registered or otherwise made a matter of record, the alleged transfers are void as against the Trustee. See In re Murrieta Hot Springs, 6 B.R. 73, 76 (Bankr. C.D. Cal. 1980) (decided under Bankruptcy Act); In re SK Foods, L.P., 2013 WL 6488275, at *18 (9th Cir. BAP 2013) (holding that a trustee's

strong arm powers under § 544(a)(1) and (2) as a hypothetical judicial lien creditor and unsatisfied execution creditor were superior to the interests of a transferee of an unrecorded, prepetition stock transfer).

For all of the foregoing reasons, the Trustee's motion for summary judgment is granted as to the turnover cause of action, and Debtor's motion cross-motion for summary judgment is denied.

The Trustee shall submit a form of order after service upon Debtor.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Amr Mohsen
No. 92949-011
Federal Correctional Institution
PO Box 9000
Safford, AZ 85548

<u>To be noticed electronically</u>:
Dennis D. Davis
Goldberg, Stinnett, Davis and Linchey
Counsel for Plaintiff

Jonathan R. Doolittle
Reed Smith LLP
Counsel for Defendant Wells Fargo Shareowner Services